UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES | DOCKET NO.  5:19-cr-365-01 |
| V. | DISTRICT JUDGE WALTER |
| ROBERT T. KIMBROUGH | MAGISTRATE JUDGE HORNSBY |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
WITH INCORPORATED MEMORANDUM**

Defendant, ROBERT T. KIMBROUGH, respectfully moves to suppress evidence unlawfully seized by the Government.

**Factual Background:**

On July 5, 2018, police arrived at Mr. Kimbrough's house to arrest him in reference to a murder investigation and an active child support warrant. Mr. Kimbrough's girlfriend, Shantricka Holden, answered the door to find multiple police officers standing before her and firearms pointed at her. She was advised they were there to arrest Mr. Kimbrough and although she was not clothed, she was instructed to open the door. Mr. Kimbrough was then arrested and taken to Sabine Parish Detention Center for booking.

Before the officers departed, however, several officers returned to the home in the hopes of searching the residence for the firearm. Officers did not obtain a search warrant. Instead, Ms. Holden signed a Consent to Search form. The officers reportedly described their investigation, requested permission to search the home, then explained the Consent to Search form before asking Ms. Holden to sign it. Ms. Holden, on the other hand, reports that the form was not adequately

1

explained to her and she was never told she had a choice as to whether or not to sign it. After Ms. Holden signed the form, officers searched the home and located two firearms and some drugs. Mr. Kimbrough was subsequently charged with being a felon in possession of a firearm and being in possession of a firearm with an obliterated serial number.

**Legal Analysis:**

The Fourth Amendment protects citizens against unreasonable searches of their homes by requiring that a warrant must generally be obtained before a home can be searched. U.S. Const. amend. IV. "A defendant normally bears the burden of proving by a preponderance of the evidence that the challenged search or seizure was unconstitutional. However, where a police officer acts without a warrant, the government bears the burden of proving that the search was valid." *U.S. v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005 (citations omitted). If the Government cannot establish a valid exception to the warrant requirement, a warrantless search of the home is presumptively unreasonable. *Kentucky v. King,* 563 U.S. 452 (2011); *see also Brigham City, Utah v. Stuart,* 547 U.S. 398 (2006).

While no warrant is required when a person with authority grants officers voluntary consent to search the home, the Government bears the burden of proving they obtained lawful consent to search the premises. *U.S. v. Scroggins,* 599 F.3d 433, 440 (5th Cir. 2010); *Bumper v. N. Carolina,* 391 U.S. 543, 548 (1968). When consent is given, the 4th Amendment requires that consent not be coerced by either "explicit or implicit means," by either "implied threat or covert force." *Schneckloth v. Bustamonte,* 412 U.S. 218, 228 (1973). The Court looks to the totality of the circumstances to determine whether consent was given voluntarily or was the product of duress or coercion. *Schneckloth v. Bustamonte,* 412 U.S. 218, 227 (1973). Some factors to be considered include whether the consenting individual understood their right to refuse consent, the individual's

education level, and the utilization of coercive police procedures. *Id. See also United States v. Perales*, 886 F.3d 542, 546 (2018). *U.S. v. Tatum*, 121 F. Supp. 2d 589, 594 (2000). Generally, "evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search or seizure. This prohibition applies as well to the fruits of the illegally seized evidence." *United States v. Wallace*, 885 F.3d 806, 810 (5th Cir. 2018).

In the instant case, Ms. Holden opened the door of her residence to find approximately six armed police officers pointing firearms at her. She was hardly awake and barely clothed when she answered the door, and there were no female officers present. She was instructed to open the door because they were there to arrest Mr. Kimbrough and were investigating a homicide. Moments after Mr. Kimbrough was arrested and driven away, the officers returned to Ms. Holden's door, again told her they were investigating a homicide, and handed her a form to sign. She obliged, though she did not fully understand the form she was being required to sign.

Ms. Holden only signed the consent to search form because of the number of armed police officers who were present and because she did not understand that she could refuse consent. The Government cannot show that the police obtained valid consent to search the residence and has failed to provide any other basis for its warrantless search of the home.

**Conclusion:**

The Government conducted a warrantless search of a residence, and is unable to prove a valid exception to the warrant requirement. The search of the home violated Mr. Kimbrough's 4th Amendment right against unreasonable searches and seizures, and any evidence seized as a result of this search should be suppressed. *See Wong Sun v. United States*, 371 U.S. 471 (1963) (holding that evidence illegally obtained as a result of a 4th Amendment violation must be suppressed as fruit of the poisonous tree).

WHEREFORE, defendant, ROBERT T. KIMBROUGH, respectfully prays that any and all evidence seized be suppressed, as having been obtained in violation of the Fourth Amendment.

        Respectfully submitted,

        REBECCA L. HUDSMITH
        Federal Public Defender for the Western and
        Middle Districts of Louisiana

        *s/ Ashley R. Martin*
        Ashley R. Martin, LSBA No. 37783
        Assistant Federal Public Defender
        300 Fannin Street, Suite 2199
        Shreveport, Louisiana 71101
        Phone: 318-676-3310
        Fax: 318-676-3313
        E-mail: ashley_martin@fd.org